Joseph Paul MOORE, Petitioner-Appellant,

v.

Hon. John HILL, Attorney General of Texas, Respondent-Appellee.

No. 73-1854

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1973.

Joseph Paul Moore, pro se.

Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

On this appeal from denial of a petition for writ of habeas corpus, the latest of several successive federal petitions, the appellant claims ineffectiveness of counsel in 1951 Texas state proceedings in which he was convicted of burglary and his sentence enhanced to life under the Texas recidivist statute, Art. 63, Tex.Pen.Code. Either as part thereof or as an independent ground he alleges failure of counsel to take an appeal from the 1951 proceedings. Also he asserts the unconstitutionality of the recidivist statute. The District Court dismissed the petition for failure to allege exhaustion of state remedies.

Appellant correctly points out that the district judge who dismissed the petition was the attorney who is claimed to have been ineffective and to have failed to take an appeal in 1951. Undoubtedly the district judge, who dismissed the petition without an evidentiary hearing, overlooked the fact that one of the allegations was directed at his own performance as counsel more than 20 years earlier. Under the circumstances, we have independently examined the tortuous path of appellant's writ history. It reveals that the intertwined issues of effectiveness of counsel and denial of or failure to appeal were determined adversely to appellant in 1970 in S.D. Texas No. 69–H–129, a federal habeas case before a different United States district judge, following an evidentiary hearing in which appellant was represented by counsel. The petition here appealed from, S.D. Texas No. 73–H–362, was dismissed March 16, 1973, and appeal taken April 3, 1973. Subsequently, in June 1973 in still another habeas case in the same district, S.D.Texas, No. 72–H–1185, and before still another United States district judge, the same claims were raised and were denied on the basis of the 1970 determination.[1]

The constitutionality of the Texas habitual offender statute was determined by the United States Supreme Court in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), and this issue was raised by petitioner in his 1970 case and there determined adversely to him pursuant to *Spencer*.

 All issues raised by appellant in the instant habeas petition having been determined adversely to him in other federal habeas proceedings, the order of the District Court dismissing the instant petition is affirmed but on different grounds as hereinabove set out.

---

1. Presumably the two cases proceeded more or less concurrently because appellant styled the instant petition as a petition for a "writ of declaratory judgment." The District Court correctly recharacterized it as a petition for a habeas writ.